IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Charles Franklin Prunty, Jr., | : | |
| Plaintiff | : | Civil Action 2:14-cv-0114 |
| v. | : | Judge Watson |
| E.I. Du Pont De Nemours and Company, *et.al.*, | : | Magistrate Judge Abel |
| | : | |
| Defendants | | |
| | : | |

**INITIAL SCREENING
REPORT AND RECOMMENDATION**

Plaintiff Prunty, an inmate at Mt. Olive CC, Mt. Olive, West Virginia, brings this prisoner civil rights action alleging personal injuries resulting from exposure to toxic chemicals. Subject matter jurisdiction is alleged under 28 U.S.C. § 1332.  This matter is before the Magistrate Judge for a Report and Recommendation on initial screening of the complaint pursuant to 28 U.S.C. §1915A(a) and (b)[1] and 42 U.S.C. §1997e(c) to

---

[1] The full text of §1915A reads:

> (a) Screening.--The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.

> (b) Grounds for Dismissal.--On review the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint--

identify cognizable claims, and to dismiss the complaint, or any portion of it, which is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  The Magistrate Judge finds that the complaint fails to allege complete diversity of citizenship between plaintiff and all defendants and, therefore, **RECOMMENDS** dismissal of the complaint.

The complaint alleges that beginning in 1977 and continuing to 2002 plaintiff Prunty was exposed to toxic chemicals (C-8 PFOA)Du Pont discharged into the water. As a proximate result of that exposure, he suffered personal injuries.

Rule 8(a), Federal Rules of Civil Procedure provides that a complaint must "contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends . . . ." A federal court has jurisdiction under 28 U.S.C. § 1332(a)(1) over actions between "citizens of different States . . . ." Here the complaint does not expressly allege the state of plaintiff Prunty's citizenship. However, it does appear to allege that he has resided in West Virginia since at least 1988 and that he continues to

---

(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or

(2) seeks monetary relief from a defendant who is immune from such relief.

(c) Definition.--As used in this section, the term "prisoner" means any person incarcerated or detained in any facility who is accused of, convicted of, sentence for, or adjudicated delinquent for, violations of criminal law or terms and conditions of parole, probation, pretrial release, or diversionary program.

reside there. Complaint, Doc. 1-2, PageID 36 and 40. Defendant Karl Boelter is alleged to be the plant manager of Du Pont's Washington, West Virginia facility. Consequently, the complaint does not allege complete diversity of citizenship between plaintiff Prunty and all defendants.

The Magistrate Judge finds that the complaint does not satisfy the requirements of Rule 8(a), Federal Rules of Civil Procedure, that it "contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends . . . ." Accordingly, it is hereby **RECOMMENDED** that the complaint be **DISMISSED** for failure to plead complete diversity of citizenship between plaintiff and all defendants as required by 28 U.S.C. § 1332.

**IT IS FURTHER ORDERED** that the United States Marshal serve upon each defendant named in part III, B and C of the form civil rights complaint a summons, a copy of the complaint, and a copy of this Order. Defendants are not required to answer the complaint unless later ordered to do so by the Court.

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties a motion for reconsideration by the Court, specifically designating this Report and Recommendation, and the part thereof in question, as well as the basis for objection thereto.  See 28 U.S.C. §636(b)(1)(B); Fed. R. Civ. P. 72(b).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to de novo review by the District

Judge and waiver of the right to appeal the judgment of the District Court. *Thomas v. Arn*, 474 U.S. 140, 150-152 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). See also *Small v. Secretary of Health and Human Service*s, 892 F.2d 15, 16 (2d Cir. 1989).

s/Mark R. Abel<br>
United States Magistrate Judge